

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS
XXWWHKXXXXXXN
ATTORNEY GENERAL


Honorable George W. Cox
State Health Officer
Texas State Board of Health
Austin, Texas

Dear Dr. Cox:

Opinion No O-7301

Re: Construction of general provi-
sion (b) of Senate Bill 317,
49th Leg. Ch. 378, Sec. 11,
with respect to travel expenses
incurred within the city or
town where an employee is
stationed.

We beg to acknowledge receipt of your letter asking for an opinion from this department as follows:

"We refer to the General Provisions of the Departmental Appropriation Bill (S.B..317 of the 49th Legislature, Chapter 378, General Provisions, Section 11, Paragraph b), which reads as follows:

"'(b)  The State Comptroller shall not pay, and no State Officer or employee of any of the Departments or other Agencies of the Government shall include in his travel expense account, any amounts for meals and/or lodging incurred within the City or town where such officer or employee is stationed. Such employees as are stationed away from their main office or headquarters who are not allowed traveling expenses where so stationed, shall be allowed such expense when called to their main office.'

"With the above in mind, we should like to know if the State Health Officer, or his duly authorized Agent, has the authority to station employees of the Department in towns and cities over the State as he may deem necessary and transfer employees from one town to the other as he may deem necessary, thereby changing their stations.

"We would like to know what constitutes an employee's station and if he must maintain a home or

room within assigned town for it to be known as his station.

"We shall appreciate your opinion on the above question."

Article 4418d of the Revised Civil Statutes (Vernon's codification) is as follows:

"The State Health Officer shall be the executive head of the State Department of Health, and he shall, subject to the provisions of this Act, exercise all the powers and discharge all the duties now vested by law in the Texas State Department of Health and the State Health Officer, as well as all powers now vested by law in any officer, assistant, director or bureau head of the State Department of Health,  excepting only such powers as may be conferred by this Act upon the State Board of Health hereby created. The State Health Officer, with the approval of the State Board of Health, may organize and maintain within his Department such divisions of service as are deemed necessary for the efficient conduct of the work of the Department.  From time to time, he shall appoint directors of such divisions, as well as other employees of the Department, and shall designate the duties and supervise the work of all such directors and employees. He shall have the power, with the approval of the State Board of Health, to prescribe and promulgate such administrative rules and regulations, not inconsistent with any law of the State, as may be deemed necessary for the effective performance of the duties imposed by this or any other law upon the State Department of Health and its several officers and divisions."

The latter part of this Article very definitely clothes the State Health Officer with broad discretionary powers with respect to the control of employees in the task of performing the functions of the Health Department.

This power undoubtedly includes a discretion in the Health Officer to station employees in the various parts of the State thought by him to be in the interest of proper supervision.  Similarly, of course, he would have the power to re-station the employees according to the changing needs therefor. This answers your first question.

As to what constituties an employee's "station", we beg to advise that such station is the place to which the employee is assigned as the one from which he will operate in the performance of his assigned duties -- that is, the abiding place of the employee -- a base of operations. The word "station" in this connection carries with it the idea of something more than a temporary presence thereat. It connotes duration or permanence, for the time being, rather than mere temporary presence of the employee. It is akin to the question of one's residence or homestead, in that there is embodied in the conception the feature of intention of the State Health Officer, and, of course, the employee of a fixed place in and from which the employee will operate. No definite term or time, however, need be in the mind of the State Health Officer, for conditions could arise that would call for a change of base at any time.

This department once had this question before it, and answered in Opinion No. 0-3008, as follows:

"The question of 'stationing' employees is one which must address itself primarily to the discretion of the department heads. Of course, the provisions of the Appropriation Bill above quoted may not be evaded by terming what is in truth an actual change of headquarters a 'temporary assignment;' but it cannot be said that circumstances may not exist which would justify a temporary assignment rather than a change of station, though it had been decided by the department head that at a later date a permanent change of station would be effected."

We trust that what we have said is a sufficient answer to your inquiry.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By s/Ocie Speer
                    Ocie Speer
                    Assistant

OS-MR-wc

APPROVED JULY 24, 1946
s/W.V. Geppert
(Acting) ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/GWB Chairman